DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 2018-32 |
| | ) |
| RONALD CASHIO | ) |
| | ) |
|       Defendants. | ) |
| | ) |

**APPEARANCES:**

**Wilnick Dorval**
St. Thomas, U.S.V.I.
   *Pro se plaintiff.*

## ORDER

**GÓMEZ, J.**

Before the Court are the requests of Wilnick Dorval for a temporary restraining order, preliminary injunction, and permanent injunction.

Wilnick Dorval ("Dorval") is the owner and resident of a condominium unit in Sapphire Village located on St. Thomas, United States Virgin Islands. On June 1, 2018, Dorval filed a complaint against Ronald Cashio ("Cashio") in this Court. The Complaint alleges that Cashio along with Sapphire Village Condominium Association ("Sapphire") and other residents of Sapphire Village have conspired with each other to, *inter alia*,

make excessive noise and drive Dorval out of his condominium unit.

The Complaint states 11 causes of action. Count 1 and Count 2 allege violations of the Fair Housing Act; Count 3 alleges violations under 42 U.S.C. § 1981; Count 4 alleges violations under 42 U.S.C. § 1982; Count 5 alleges violations under 42 U.S.C. § 2000a; Count 6 alleges violations under 42 U.S.C. § 1985; Count 7 alleges unlawful entry, trespass, invasion of privacy, unlawful search and seizure, and conversion; Count 8 alleges violations under Virgin Islands privacy and nuisance laws; Count 9 alleges negligence; Count 10 alleges a civil and criminal conspiracy; and Count 11 alleges intentional infliction of emotional distress.

On February 25, 2019, Dorval filed a motion for a temporary restraining order, a preliminary injunction, and a permanent injunction.

On April 18, 2019, the Clerk of Court entered default against Cashio.

On April 19, 2019, Dorval filed a motion requesting default judgment.

The Court may grant a temporary restraining order or preliminary injunction only if the plaintiff shows: (1) a reasonable probability of success on the merits; (2) irreparable

injury will occur to the appellant if the relief is not granted; (3) less harm will result to the non-movants if the relief is granted than to the movant if the relief is not granted; and (4) the public interest, if any, weighs in favor of the movant. *Civil Liberties Union of New Jersey v. Black Horse Pike Reg. Bd. of Educ.,* 84 F.3d 1471 (3d Cir. 1996); *see also Bieros v. Nicola*, 857 F. Supp. 455, 456 (E.D. Pa. 1994) (noting that the standards for issuing a temporary restraining order are identical to those for the issuance of a preliminary injunction). "The burden lies with the [movant] to establish every element in its favor, or the grant of a preliminary injunction is inappropriate." *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonably Superstore, LLC,* 428 F.3d 504, 508 (3d Cir. 2005).

Federal Rule of Civil Procedure 55 provides in pertinent part: "[t]he court may conduct hearings . . . when, to enter or effectuate [default] judgment, it needs to: . . . (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The premises considered; it is hereby

**ORDERED** that Dorval's motion for a temporary restraining order, ECF No. 31, is **DENIED**; it is further

*Dorval v. Cashio*
Civ. No. 2018-32
Order
Page 4

**ORDERED** that an evidentiary hearing on Dorval's motion for a preliminary injunction, ECF No. 31, and Dorval's motion for default judgment, ECF No. 38, is hereby **SCHEDULED** to commence promptly at 9:30 A.M. on October 23, 2019; and it is further

**ORDERED** that the motion for a preliminary injunction, ECF No. 31, is held in abeyance pending the outcome of the evidentiary hearing.

S\_____
    **Curtis V. Gómez**
    **District Judge**