UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RONALD CASHIO,<br><br>　　　　　Defendant. | Civ. No. 18-32<br>(Consolidated with<br>Civ. No. 16-50,<br>Civ. No. 18-15,<br>Civ. No. 18-29, and<br>Civ. No. 19-23)<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the Motion for Judgment on the Pleadings (ECF No. 33) and Motion for Entry of Default Judgment (ECF No. 38) filed by Plaintiff Wilnick Dorval ("Plaintiff"). The Court has decided the Motions upon the written submissions of the parties and without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated herein, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 33) and Motion for Entry of Default Judgment (ECF No. 38) are denied.

## BACKGROUND

**I.　Factual Background**

This case arises out of Plaintiff's claims that Defendant Ronald Cashio ("Defendant") conspired with the Sapphire Village Condominium Owners Association (the "Association") to discriminate against Plaintiff during Defendant's tenancy of Apartment 273 at the Sapphire

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

Village Condominium complex ("Sapphire Village") in St. Thomas. (Compl. ¶¶ 4.4.29–4.4.44.) The Complaint alleges eleven counts: (1) violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, 10 V.I.C. § 64, and 42 U.S.C. §§ 1981–82 (Compl. ¶¶ 5.1.1.–5.1.15); (2) violations of the FHA, 42 U.S.C. § 3617 *et seq.*, and 10 V.I.C. § 64 (Compl. ¶¶ 5.2.1–5.2.10); (3) violations of 42 U.S.C. § 1981 *et seq.* and 10 V.I.C. § 64 (Compl. ¶¶ 5.3.1–5.3.10); (4) violations of 42 U.S.C. § 1982 *et seq.* and 10 V.I.C. § 64 (Compl. ¶¶ 5.4.1–5.4.8); (5) violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000a (Compl. ¶¶ 5.5.1–5.5.3); (6) violations of 42 U.S.C. § 1985 and the Fourteenth Amendment to the United States Constitution (Compl. ¶¶ 5.6.1–5.6.8); (7) unlawful entry, trespass, invasion of privacy, unlawful search and seizure, and conversion (Compl. ¶¶ 5.7.1–5.7.9); (8) private nuisance (*id.* ¶¶ 5.8.1–5.8.9); (9) negligence and gross negligence (*id.* ¶¶ 5.9.1–5.9.7); (10) civil and criminal conspiracy (*id.* ¶¶ 5.10.1–5.10.4); and (11) intentional infliction of emotional distress (*id.* ¶¶ 5.11.1–5.11.6).

## II. Procedural History

Plaintiff filed the Complaint on June 1, 2018. (ECF No. 1.)[2] Plaintiff served Defendant on June 19, 2018. (ECF No. 26.) On March 9, 2019, Plaintiff filed a Motion for Judgment on the Pleadings. (ECF No. 33.) On March 28, 2019, Plaintiff filed a Motion for Entry of Default against Defendant (ECF No. 35), and the Clerk of the Court entered default against Defendant on April 18, 2019 (ECF No. 37). Plaintiff filed a Motion for Entry of Default Judgment against Defendant on April 19, 2019. (ECF No. 38.)

---

[2] Plaintiff has filed several lawsuits alleging racial discrimination prior to this case, including one lawsuit claiming that former Attorney General Jefferson Beauregard Sessions, III, former U.S. Attorney Preetinder Singh Bharara, former Director of the Federal Bureau of Investigation ("FBI") James Comey, former Deputy Director of the FBI Andrew McCabe, and former Chair of the Securities and Exchange Commission and former U.S. Attorney Mary Jo White, among others, conspired to discriminate against Plaintiff. (*Dorval v. Sessions* et al. Compl. at 2–3, Civ. No. 17-37, ECF No. 1.)

On December 4, 2019, the Court consolidated this case with the following cases: *Dorval v. Sapphire Village Condominium Owners Association* et al., Civ. No. 16-50; *Dorval v. Sapphire Village Condominium Owners Association* et al., Civ. No. 18-29; *Dorval v. Fitzsimmons* et al., Civ. No. 18-15; and *Dorval v. Tinsley*, Civ. No. 19-23. (Letter Order at 1, ECF No. 47.)

## LEGAL STANDARDS

### I. Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment will not be granted unless the movant 'clearly establishes there are no material issues of fact, and [the movant] is entitled to judgment as a matter of law.'" *Bedoya v. Am. Eagle Express Inc.*, 914 F.3d 812, 816 n.2 (3d Cir. 2019) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). "In deciding a Rule 12(c) motion, [the Court] does not consider matters outside of the pleadings." *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004); *see also Bedoya*, 914 F.3d at 816 n.2. "In considering a motion for judgment on the pleadings, [the Court] must accept as true all facts presented in the complaint and answer and draw all reasonable inferences in favor of the non-moving party . . . ." *Bedoya*, 914 F.3d at 816 n.2 (citation omitted).

### II. Motion for Entry of Default Judgment

After an entry of default by the Clerk, a district court may enter default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure against "a properly served defendant who fails to plead or otherwise defend an action." *Bank of Nova Scotia v. Brown*, 2008 WL 1787598, at *1 (D.V.I. Apr. 17, 2008) (citing *Anchorage Ass'n v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Default judgment is permissible only if "the plaintiff's well pleaded facts . . . assert a legally sufficient claim for relief." *Mendez v. Puerto Rican Int'l Cos., Inc.*, 2015

3

WL 721031, at *2 (D.V.I. Feb. 18, 2015) (citing *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 n.23 (2d Cir. 2011) ("Most of our sister circuits appear to have held expressly that a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief.")). In deciding a motion for default judgment, the Court must accept as true any facts in the pleadings, except those relating to the amount of damages claimed. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Moreover, default judgment requires: "(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent person; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service." *Bank of Nova Scotia v. Abdallah*, 2013 WL 1846544, at *4 (D.V.I. May 2, 2013). However, even if default judgment is permissible, the Court must assess three factors to determine whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Entry of default judgment is left primarily to the discretion of the district court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1990). However, the Third Circuit has stated its preference for cases to be disposed of on the merits when practicable. *Id.* at 1181.

## DISCUSSION

### I. Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure explicitly states that a party may move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). "The pleadings are 'closed' after the complaint and answer are filed, along with any reply to additional

claims asserted in the answer." *Sync Labs LLC v. Fusion-Mfg.*, 2013 WL 1163486, at *1 (D.N.J. Mar. 19, 2013) (citations omitted); *cf. Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991) (concluding that because the defendant filed a motion after already having filed an answer, the motion must be considered a motion for judgment on the pleadings under Rule 12(c), as opposed to a motion to dismiss for failure to state a claim under Rule 12(b)(6)).

Moreover, courts have held that motions for judgment on the pleadings should be denied when the movant asks the court to "essentially conduct[ ] the analysis applicable on a motion for default judgment following the entry of a clerk's default under Rule 55." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335–36 (11th Cir. 2014) (explaining that "[w]hen only a single pleading has been filed, 'competing pleadings' [under Rule 12(c)] do not exist, so a motion for judgment on the pleadings is not appropriate"); *see also Owens v. Horn*, 2006 WL 1620220, at *1 (M.D. Pa. 2006) (finding that the plaintiffs could "better address [the] delinquency" of a failure to answer "by consulting Rule 55(a)").

In the instant case, Defendant had not answered the Complaint when Plaintiff filed the Motion for Judgment on the Pleadings. Plaintiff's Motion was improper because the pleadings had not closed. Plaintiff's Motion for Judgment on the Pleadings (ECF No. 33) is therefore denied.

## II.     Motion for Entry of Default Judgment

Plaintiff's Motion for Entry of Default Judgment in this case is procedurally deficient because it does not include the required affidavits or documents indicating the amount of judgment and how it was calculated, nor does it include an affidavit of non-military service. Therefore, Plaintiff's Motion for Entry of Default Judgment (ECF No. 38) is denied.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 33) is denied and Plaintiff's Motion for Entry of Default Judgment (ECF No. 38) is denied. An appropriate Order will follow.

Date: January 21, 2020                    */s/ Anne E. Thompson*
                                                        ANNE E. THOMPSON, U.S.D.J.